## COUNTY OF PISCATAQUIS.

† INHABITANTS OF GUILFORD, *Petitioners for certiorari,*
*versus* THE COUNTY COMMISSIONERS OF PISCATAQUIS.

In exercising their *appellate* jurisdiction by County Commissioners, it must *appear* that the town had the opportunity of knowing fully what it was called upon to do, in its corporate capacity in regard to the way in question, and with that knowledge, unreasonably refused to approve and allow the way laid out by their selectmen.

And the proceedings of Commissioners in approving and allowing such town way will be void, unless the petition on which they act or their record shows that the laying out of the town way, with the boundaries and admeasurements of the same, was reported to the town.

Under § 29, c. 25, R. S., the filing with the town clerk of the laying out of the town or private way, with its boundaries and admeasurements, is not alone sufficient to authorize the action of the town thereon.

ON REPORT from *Nisi Prius,* APPLETON, J., presiding.

PETITION, for a writ of *certiorari,* to quash the proceedings of the County Commissioners in their approval and allowance of a town way.

The selectmen of Guilford laid out a town way on application of some of their citizens, after posting up the notices required by law, and, describing the courses and admeasurements, and lodged such description with the town clerk seven days before the meeting of Sept. 13, 1852, as was offered to be proved by one Joseph Kelsey, if such testimony was admissible.

A town meeting was held by the inhabitants of Guilford on Sept. 13, 1852, and article third in the warrant was, " to see if the town will accept of a road leading from the Grover school-house to the county road near William Eells."

The town " voted to pass the third article in the warrant."

A petition was presented the Commissioners representing that the selectmen of Guilford had laid out the road, (des-

cribing it by courses and admeasurements) which concluded thus:—"And the inhabitants of said town of Guilford, at a legal town meeting, held. at Guilford on the 13th day of September, 1852, with an article in the warrant for that purpose, did unreasonably refuse and delay to approve and allow said town way as above described. We therefore pray your honors to approve and allow said town way as laid out by said selectmen and direct said laying out to be recorded by the clerk of said town."

After reciting the petition, order of notice, &c., the records of the Commissioners state, "after which view a hearing of the parties and their testimony was had, &c., and after a full hearing had and mature consideration, we adjudged and do hereby adjudge and determine, to approve and allow of the way in said petition described, as laid out by the selectmen of said town of Guilford, and we, the said Commissioners, do hereby direct, that the laying out of said road, as named in said petition, and the acceptance of the same, be duly recorded by the clerk of said Guilford."

The petitioners for the writ of *certiorari* allege several errors in the proceedings, two of which need only to be stated.

1st. That no legal proceedings had taken place by the town of Guilford, or by the selectmen thereof, to give the County Commissioners jurisdiction in the premises.

11th. That it does not appear by any record of said town of Guilford, that said way was ever offered to said town for approval and allowance.

The Court were to make such decision and render such judgment as the legal rights of the parties may require.

*W. G. Clark*, for the petitioners.

As to the 1st and 11th errors assigned, it does not appear of record, that any laying out of the road in question, had been filed with the town clerk as provided by R. S., c. 25, § 29. The Commissioners were not authorized to proceed until such laying out and filing was established by legal evidence before them; it was not even alleged in the applica-

tion on which they acted, they therefore had no jurisdiction, and their proceedings were erroneous.

There is no evidence that the road, with its boundaries and admeasurements, was ever offered to the town for acceptance and allowance. This is essential to give the Commissioners jurisdiction. The records of the town, at most, state that a road having the same *termini,* with the road in question, was offered to the town for acceptance, and that the town voted to pass the article in the warrant, but no records of the town show, that the road " with the boundaries and admeasurements" were ever reported or offered to the town for acceptance and allowance. Indeed, the article in the warrant does not state that the road was laid out by the selectmen. Until all this was done and proved, and the town had refused to accept and allow the way so reported, the Commissioners could not act. R. S., c. 25, § 29 ; *Lewiston* v. *County Commissioners,* 30 Maine, 19 ; *Small* v. *Pennell,* 31 Maine, 267.

But the fact whether the County Commissioners had jurisdiction, must appear from *their* records ; and they show no sufficient preliminary proceedings, nor do they allege the refusal of the town to accept and allow any way legally offered to the town for their acceptance. *Plummer* v. *Waterville,* 32 Maine, 566.

*Rice, County Att'y,* for respondents.

Was the requirement of § 29, c. 25, R. S., in relation to this road, complied with ? The objection is, that the matter there required, does not appear of record. Why should it ? No such record is required, but simply, that the laying out should be " filed." What was the object of that requirement ? Merely that it should be left or deposited with an officer of the town that it might be examined by persons interested therein, and not *recorded,* for at the time of filing it could not be known what the action of the town or County Commissioners might be.

The laying out of the road being duly filed, according to the testimony of Kelsey offered in the case, we say the arti-

cle in the warrant for the meeting, when it was acted upon, contained a sufficient description of the road to bring the matter properly before the town. It gave the *termini*, and that was enough. There could be no mistake as to what road was meant. The objection is, that it was not reported to the town with the *boundaries and admeasurements*. But the answer is, these were definitely set forth in the *selectmen's report*, and *filed* with the clerk, and to all intents and purposes was *so reported* on the day of the meeting, because it was in the *custody* of the proper officer, whose duty it was to present it on that occasion.

The first error alleged is contrary to the fact, as the *petition* to the Commissioners does allege it, and the record shows that the Commissioners, after a " full *hearing* and mature *deliberation* approved the way, as laid out by the selectmen, which they could not have done without proof of the fact.

There are but two cases in which the County Commissioners have jurisdiction in the location, alteration or allowance of town ways: one by § 32, part 2, c. 25, R. S., when the selectmen unreasonably refuse and neglect, &c., they may cause them to be "laid out or altered," in which case the Court records must of necessity contain a perfect description of the road, for there has been no prior laying out, and because there has not, an appeal is provided. The other case is by § 34, when the town shall in like manner "refuse or delay to approve and allow any town way or private way laid out or altered by the selectmen thereof," &c., the Commissioners may " approve and allow, (not lay out or alter,) of the way as laid out or altered by the selectmen, and direct the said laying out (that by the selectmen) to be recorded; which shall have the like effect as if accepted by the town and recorded. The report or laying out by the selectmen is the basis and description of the way with its boundaries and admeasurements, and if that is perfect, (as in this case,) then the order of the Commissioners and the Selectmen's report recorded with the records of the town

(which it is the town clerk's duty to do,) makes a perfect location of the town way. There is no necessity that the Commissioners' records shall contain a full and minute description of the road, as in case of location of a highway or laying out of a town way, for the reason that it will so appear in the selectmen's report and the town records. The action of the Court does not change the character of the road from that of a town way to a county way, and hence no reason exists for the county records showing the location, and the statute does not require it, but that the town record shall, as required by the statute.

We further contend, that the provisions of § 29, are independent of, and have nothing to do with the question of jurisdiction of the County Commissioners; they have reference alone to the action of the town. All the requisites to jurisdiction of the County Commissioners are fully enumerated in § 34, none of which are contained in § 29. The case of *Lewiston* v. *County Commissioners*, 30 Maine, 19, is not authority for the positions taken on the other side. It turned upon a different point.

The granting or withholding of the writ of *certiorari*, is a matter entirely within the discretion of the Court; and according to the uniform practice in this State, it will not be granted if sufficient appears upon the records of the inferior Court to show that it had jurisdiction in the premises, though their proceedings may not have been in all respects technically correct, and in the absence of proof that injustice has been done.

*Bath B. & T. Co., Petitioners*, 8 Maine, 292; *Lisbon* v. *Merrill*, 12 Maine, 210; *Cushing* v. *Gray & als.*, 23 Maine, 9; *West Bath, Petitioners*, 36 Maine, 74; *Plummer* v. *Waterville*, 32 Maine, 566.

TENNEY, J. — The petition is for a writ to quash the record of the proceedings of the County Commissioners, in the attempt to exercise their appellate power, in the approval and allowance of the way, particularly described in

the petition, as laid out by the selectmen of the town of Guilford, on the ground, that the record discloses no jurisdiction in the Commissioners, to commence proceedings in the matter; and hence, that they are void. *Small* v. *Pennell*, 31 Maine, 267.

By R. S., c. 25, § 29, no town or private way shall be established as laid out or altered, until such laying out or alteration, with the boundaries and admeasurements of the same, shall have been reported to the town, and accepted and allowed, at some meeting of the inhabitants, regularly named and notified therefor; nor unless such laying out or alteration, with the boundaries and admeasurements aforesaid, shall have been filed with the town clerk, seven days at least before such meeting.

It cannot be supposed that it was designed, the filing of the laying out or alteration, as described in the section quoted, is alone sufficient to authorize the establishment of such town or private way, if the way in general terms should be accepted, unless the laying out, or alteration with the boundaries and admeasurements of the same, had been, previous to the acceptance, reported to the town. Such a construction would render the requirement in the former clause perfectly redundant. Upon a proper construction of this section, in addition to the filing with the town clerk, seven days at least before the meeting, of the laying out, &c., the same must be read, or particularly made known to the town, at or before the time, that its inhabitants are called upon in their corporate capacity to act thereon.

By § 34, of the same chapter, if any town shall unreasonably refuse or delay, to approve and allow any town way or private way, laid out or altered by the selectmen thereof, and to put the same on record, any person aggrieved by such refusal or delay, &c., may, within one year thereafter, apply by petition in writing to the County Commissioners. The Commissioners may, unless sufficient cause shall be shown against such application, approve and allow of the way, as laid out or altered by the selectmen, and direct the

said laying out, or alteration, and acceptance, to be recorded by the clerk of the town.

To entitle the County Commissioners to the appellate jurisdiction exercised by them, it must appear, that the town had the opportunity of knowing fully upon what it was called upon to act, in its corporate capacity, touching the acceptance of the way in question; and that with such knowledge, they unreasonably refused to approve and allow the town way or private way laid out by the selectmen.

When it is alleged in a petition to the County Commissioners, under which they acted, that the refusal of the town to confirm the doings of the selectmen, was unreasonable, after final judgment, such allegations duly and necessarily made, are understood to be satisfactorily proved. *North Berwick* v. *County Commissioners of York*, 25 Maine, 69. But the general allegation in the petition, that the inhabitants of the town of Guilford, at a legal town meeting, &c., with an article in the warrant for that purpose, did unreasonably refuse and delay to approve and allow said town way *as above described*, cannot be sufficient evidence that the town acted upon the laying out or alteration with the boundaries and admeasurements of the same, contained in a report, made to the town for its acceptance by the selectmen thereof. It is not stated in the petition for the approval and allowance of the road, to the Commissioners, that the selectmen's report of the laying out of the way, &c., was made to the town. And the allegation in the petition, that the town refused to approve and allow said town way, *as above described*, is not understood that the report was made known to the town at the time of their action upon the question or before, but that the way, which the town refused to approve and allow, was the way which had been described in the previous part of the petition.

The Commissioners' record, after stating the notice given to parties interested, continues, " we therefore proceeded with the parties, and viewed the route in said petition named and described, after which view, &c., a hearing of the

parties and their testimony was had, &c., and after a full hearing and mature consideration, we adjudged and do hereby adjudge and determine, to approve and allow the way, in said petition described as laid out by the selectmen, &c., and we the said Commissioners do hereby direct, that the laying out of said road, as named in said petition and the acceptance of the same be duly recorded by the town clerk of said Guilford."

As neither the petition nor the record contains any direct statement, that the laying out of the town way in question, with the boundaries and admeasurements of the same, was reported to the town; nor any thing from which it can be inferred, that such was the case, they do not exhibit such affirmative facts, as show that a case was presented to the Commissioners, over which they had the appellate jurisdiction, which they assumed to exercise.

The records of the town of Guilford, upon the subject of the road, are not incorporated into the records of the County Commissioners, and cannot, therefore, supply any defect in the latter. The statement, which it is agreed by the parties, that Jos. Kelsey, Esq., would make, that the report signed by the selectmen, containing the laying out of the way, with the boundaries and admeasurements, was filed with the town clerk seven days before the meeting of the town on Sept. 13, 1852, is foreign to the question, which has reference to the record of the County Commissioners alone, and can have no influence in the case.

But if the record of the town and the fact that the selectmen's report was filed with the town clerk seven days before the meeting of the town, had appeared in the records of the Commissioners, their jurisdiction would not then be apparent, inasmuch as they do not show, that the report had been made to the town according to the requirements of the statute.

The first and the eleventh errors in the Commissioners' records are well assigned, and the

*Writ prayed for is granted.*